˙Amerigo **PADOVANI, Plaintiff,**

v.

**LIGGETT & MYERS TOBACCO COM-
PANY, Defendant.**

Civ. No. 15963.

United States District Court
E. D. New York.

Feb. 7, 1961.

Mandamus Granted July 31, 1961.
See 293 F.2d 546.

See also 23 F.R.D. 255.

Elmer Fried, New York City, Alfred S. Julien, New York City, Trial Atty., for plaintiff.

Webster, Sheffield & Chrystie, New York City, for defendant.

BRUCHHAUSEN, Chief Judge.

Defendant moves for an order precluding the plaintiff from offering evidence at the trial with respect to those items in the plaintiff's pretrial statement served on January 16, 1961, which are not in compliance with this Court's prior rulings.

It appears from the complaint that the plaintiff seeks damages for a carcinoma affecting his vocal cords, continuing from January 1954, arising from the smoking of cigarettes, manufactured by the defendant, containing substances injurious to those smoking them of which defendant had knowledge, and offered to the public as harmless.

The action was commenced in a State Court on August 25, 1955 and removed to this Court by petition filed on October 11, 1955. It is one of the oldest cases pending on the docket of this Court.

The failure of the plaintiff to comply with the various pretrial orders of this Court contrasts sharply with his celerity in placing the cause on the ready calendar. In an affidavit of the plaintiff's attorney, sworn to December 28, 1955, he stated that "plaintiff stands ready instantly to serve a jury demand and to file a note of issue in this case." On February 20, 1956, he filed a note of issue.

Commencing on February 5, 1960 and continuing thereafter the defendant has resorted to various procedures under Rule 16 of the Federal Rules of Civil Procedure, 28 U.S.C.A., with no appreciable result.

In accordance with this Court's plan for pretrial of all ready cases, pretrial orders were served on or prior to July 1, 1960 upon the attorneys for the parties to the above entitled action, directing them to comply with the procedures therein set forth and to appear at a pretrial hearing before me on December 13, 1960. An associate of the plaintiff's attorney then and there stated that the latter was engaged in a trial, whereupon the hearing was adjourned to December 20, 1960. At that time, the plaintiff's attorney was reported to be leaving the

City until after the holidays. The hearing was further adjourned to January 9, 1961, at 4 P.M., a time agreed upon by the parties. At about 4:30 P.M. of that day, the plaintiff's attorney sent word that he had been occupied in court in Jamaica and could not reach my chambers earlier than 5:15 P.M. I thereupon instructed the defendant's attorneys to prepare and submit an order, directing the plaintiff's attorney to comply with the pretrial procedures not later than January 16, 1961. The said order was entered on January 10, 1961.

On January 16, 1961 the plaintiff submitted a pretrial statement, which lacks compliance with the Court's rulings.

The plaintiff has been afforded more than ample opportunity to meet the prescribed requirements. The time has now arrived for the application of sanctions.

The defendant's memorandum in support of this motion, filed on January 25, 1961, correctly sets forth the details wherein the plaintiff has failed of compliance.

The motion is granted. Settle order on five days' notice.